**This order is SIGNED.**

Dated: April 26, 2017




**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

*uae*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re: | Case No.: 15-31245 |
|---|---|
| Community Translator Network, LLC | Chapter 11 |
| Debtor(s). | Honorable William T. Thurman |

**ORDER DENYING MOTION FOR WITHDRAWAL OF COUNSEL**

The matter before the Court is the *Motion for Withdrawal of Counsel* [Docket No. 205] (the "Motion to Withdraw") filed March 27, 2017 by Knute Rife and Rife Law Office ("Counsel") as counsel to Community Translator Network, LLC, debtor in possession (the "Debtor") in the above-captioned chapter 11 case. The Court conducted a hearing on the Motion to Withdraw on April 26, 2017 (the "Hearing"). At the hearing Knute A. Rife and John Christian Barlow appeared on behalf of the Debtor, Geoffrey L. Chesnut appeared on behalf of Powell Meredith Communications Company and Amy Meredith (collectively "PMCC"), John Morgan appeared on behalf of the United States Trustee (the "USTR"), and any other appearances were noted on the record.

Having reviewed and considered the Motion to Withdraw, the notice of hearing [Docket No. 207] filed in connection with the Motion to Withdraw, the objection to the Motion to Withdraw filed by the USTR [Docket No. 225], the objection to the Motion to Withdraw filed by PMCC [Docket No. 222] and other relevant matters of record in this case, **THE COURT FINDS AND CONCLUDES:**

A. Procedural Posture of This Case

At a hearing held on March 2, 2017 on *Debtor's Motion to Extend Time* [Docket No. 184] and the *United States Trustee's Motion to Dismiss or Convert* [Docket No. 135], the Court found cause to dismiss or convert the bankruptcy case pursuant to 11 U.S.C. § 1112(b) for failure to comply with 11 U.S.C. § 1121(e)(3) and the Court's order at Docket. No. 160. The Court entered a scheduling order memorializing the same [Docket No. 201] (the "Scheduling Order"). An evidentiary hearing on whether dismissal or conversion is in the best interest of the creditors and the estate per 11 U.S.C. § 1121(b)(1) will take place on May 4, 2017 at 1:30 p.m (the "Evidentiary Hearing"). With that backdrop, the Court concludes as follows:

B. The Motion to Withdraw Should be Denied

The Motion to Withdraw should be denied for several reasons. First, it is deficient for failure to comply with Local Rule 2091-2(b)(2), which states "[n]o attorney of record will be permitted to withdraw after an action has been set for hearing or trial unless . . . good cause for withdrawal is shown, including without limitation, with respect to any scheduling order then in effect." Local Rule 2091-2(b)(2). Counsel has not complied with Local Rule 2091-2(b)(2) as good cause has not been shown with respect to the Scheduling Order.

The Motion to Withdraw was filed and set for hearing after the Court set the Evidentiary Hearing and issued the Scheduling Order. The Evidentiary Hearing is significant as it will

determine the ultimate disposition of this case, namely whether the case will be converted or dismissed. Allowing counsel to withdraw at this point could potentially result in a postponement of the Evidentiary Hearing and/or cause prejudice to other parties involved in this case. As such, due to the current posture of this case, and absent good cause with respect to the matters set in the Scheduling Order, withdrawal should not be allowed which will leave the Debtor without approved counsel to appear in proper prosecution of the Evidentiary Hearing.

Second, the Motion to Withdraw should be denied because it is deficient for failure to comply with Local Rule 2091-2(c)(1) which requires written consent of the client attached to the motion. Based on the Motion to Withdraw, it appears the Debtor may have consented to withdrawal of Counsel but the Motion to Withdraw fails to include the Debtor's written consent. If the Debtor has not consented, the Motion to Withdraw is still deficient as the requirements as set forth in Local Rule 2091-2(c)(2) have not been met, *i.e.* - description of the status of the case including dates and times of any scheduled proceedings. This could be viewed as a hyper technicality due to statements on the record by Mr. Barlow implying consent of the Debtor but the Local Rule is in place for obvious reasons.

Finally, no qualified and disinterested substitute counsel has appeared to represent the Debtor for the upcoming Evidentiary Hearing. Pursuant to Local Rule 9011-2(a), no corporation or other artificial entity debtor may appear pro se, but must be represented by an attorney who is admitted to practice in this court. On March 24, 2017, Mr. Barlow filed a Notice of Appearance as Counsel for the Debtor. *See* Docket No. 204. This however does not alleviate the problems posed by the Motion to Withdraw and Mr. Barlow may not serve as substitute counsel.

Mr. Barlow's previous application to be employed under 11 U.S.C. § 327 was objected to by the USTR and was never approved by the Court. *See* Docket Nos. 21, 21-1, 24. Mr. Barlow

3

has not renewed his application to be employed as counsel under 11 U.S.C. § 327 as he, amongst other issues, is not a disinterested persons under 11 U.S.C. § 101(14) and § 327(a) based on the debts owed to Mr. Barlow for pre-petition legal services rendered to the Debtor. *See* Docket No. 7, ¶ 3. Mr. Barlow has acted as volunteer counsel at certain times during the pendency of this case but may not seek compensation under 11 U.S.C. § 503(b)(1)(A). *See In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 318 (10th Cir. 1994) ("any professional not obtaining court approval is simply considered a volunteer if it seeks payment from the estate.") However, Mr. Barlow's position relative to the Debtor may prevent him from even being volunteer counsel without pay at this stage of the case.

Counsel to a debtor in possession has certain fiduciary duties it owes to the estate. *See In re Smitty's Truck Stop, Inc.*, 210 B.R. 844, 850 (B.A.P. 10th Cir. 1997). "This duty requires the attorney to exercise independent professional judgment on behalf of the estate." *Id.* Additionally, all attorneys practicing before this court must comply with the Utah Rules of Professional Conduct. *See* Local Rule 2090-1(e). Rule 1.7 of the Utah Rules of Professional Conduct provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: . . . There is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer." Mr. Barlow has not demonstrated that the conflict of interest in this case is waivable under Rule 1.7(b) of the Utah Rules of Professional Conduct.

Mr. Barlow has a large personal financial stake in the outcome and administration of the assets of the estate and is largely in control of the Debtor.[1] This puts Mr. Barlow at odds with

---

[1] The Debtor is owned by Community Education Foundation, Inc., a nonprofit organization. Mr. Barlow is the trustee of Community Education Foundation and has also acted as director and general counsel to the Debtor since March 15, 2014. Mr. Barlow is an unsecured

4

creditors such as PMCC and will prevent him from maintaining independence and fairly and adequately performing certain duties of the estate. Due to the apparent conflicts of interest, Mr. Barlow cannot act in a manner that is in the best interests of the estate and creditors and thus cannot serve as substitute counsel whether volunteer or through appointment under 11 U.S.C § 327.

Accordingly, based on the foregoing, **THE COURT HEREBY ORDERS AS FOLLOWS:**

1. The Motion to Withdraw is denied without prejudice. Counsel may file an amended Motion to Withdraw which may be heard on May 4, 2017 at 1:30 p.m on shortened notice time.

2. Failure to comply with Local Rule 9011-2(a) may result in appropriate sanctions including conversion of the case, appointment of a trustee or other relief.

---

creditor of the Debtor holding claims against the Debtor totaling $72,000 for pre-petition legal services to the Debtor. *See* Claim No. 1. Mr. Barlow may have other claims against the estate. Mr. Barlow does not intend to waive his claims in order to qualify to represent the Debtor under 11 U.S.C. § 327(a). *See* Docket No. 180-2, Community Translator Network, LLC's Disclosure Statement, Dated 2 January 2017 – Summary of Claims.

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **ORDER DENYING MOTION FOR WITHDRAWAL OF COUNSEL** shall be served to the parties and in the manner designated below:

**By Electronic Service:** ECF LIST

- John Christian Barlow    Bankruptcy@JohnChristianBarlow.com
- Geoffrey L. Chesnut    gchesnut@expresslaw.com, courtmailrr@expresslaw.com
- Anna W. Drake    annadrake@att.net
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Knute A. Rife    KARife@RifeLegal.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov